IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ENRIQUE HERNANDEZ, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. EP-18-CV-00074-DB-ATB |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| J. SCOTT WILLIS, | § | |
| MR. RIBAULT, | § | |
| LT. PIERCE, | § | |
| UNKNOWN MEDICAL STAFF, and | § | |
| LA TUNA FEDERAL FACILITY, | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION
## OF THE MAGISTRATE JUDGE

On this day, the Court considered:

- "Defendant Ribault's Rule 12(b)(1) Motion to Dismiss" (ECF. Nos. 19, 42);[1] and

- "Federal Defendants'[2] Motion to Dismiss, or in the Alternative, Motion For Summary Judgment" (ECF. No. 60).

After due consideration, the Court **RECOMMENDS** that the Motions be **GRANTED** insofar as they seek dismissal of Plaintiff's Complaint.

**I.     Background**

During all relevant times, Plaintiff was a convicted prisoner in Federal Bureau of Prisons ("BOP") custody. (ECF. No. 3, p. 2); *see also* Enrique Hernandez, Register Number: 19608-051 https://www.bop.gov/inmateloc/ (last visited April 5, 2018). On April 12, 2017, while at Federal Correctional Institution Big Spring, Plaintiff had back surgery. (ECF. No. 3, p. 2). Although the

---

[1]     In Docket Entry 42, Dr. Ribault simply reiterates the arguments in his First Motion to Dismiss. (ECF. No. 42).

[2]     The Federal Defendants encompass all appearing Defendants with the exception of Defendant Ribault.

1

surgery "appeared to have been successful," Plaintiff experienced substantial pain and a slow recovery time. (*Id.*). Plaintiff also had difficulty caring for himself. (*Id.* at 3).

In May 2017, Plaintiff was transferred to La Tuna Federal Prison ("La Tuna") and assigned to Federal Satellite Low ("FSL"). (*Id.* at 2-3). FSL does not have handicap shower facilities and the phones and computers are located on an upper floor accessible only by stairs. (*Id.* at 3). "As soon as [he] was able" Plaintiff informed the medical department, Plaintiff's case manager, Lt. Pierce, and Warden Willis about his "situation." (*Id.*). Warden Willis responded that he would investigate the issue and placed Plaintiff on medical work restrictions. (*Id.*).

On May 12, 2017, while taking a shower, Plaintiff slipped and hit his head on the shower floor. (*Id.*). Plaintiff received head and back injuries, and ostensibly had a seizure. (*Id.*). The duty officer found Plaintiff on the shower floor and called for medical assistance. (*Id.* at 3-4). Medical staff attended to Plaintiff, and subsequently transferred Plaintiff to an external hospital for further care. (*Id.* at 4). Upon returning to La Tuna, Plaintiff was assigned to Federal Prison Camp 2, which has handicap accessible fixtures. (*Id.*).

Thereafter, Plaintiff submitted a tort claim, which was denied on the merits. (*Id.* at 4-5). Consequently, Plaintiff asserts claims arising under the Americans with Disabilities Act ("ADA"), the Federal Tort Claims Act ("FTCA"), and the Eighth Amendment.[3] (*Id.* at 5-8). Plaintiff seeks only monetary damages. (*Id.* at 8).

## II. Legal Standards

A party may move for dismissal of a complaint based on lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The burden of establishing subject-matter jurisdiction lies with the party seeking the federal forum. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th

---

[3] As Plaintiff claims are unclear, the Court assumes that Plaintiff raises all claims against all defendants.

Cir. 2001). Unlike a 12(b)(6) motion, when determining subject-matter jurisdiction, the Court can consider: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the Court's resolution of disputed facts. *United States v. Renda Marine, Inc.*, 667 F.3d 651, 654 (5th Cir. 2012) (collecting cases). If a Court lacks subject-matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

A Fed. R. Civ. P. 12(b)(6) motion is governed by the well-established *Twombly-Iqbal* analysis. *See Hale v. King*, 642 F.3d 492, 497–99 (5th Cir. 2011) (per curiam). Under this standard, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A claim is plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). This reasonable inference must rise above the speculative level and contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

Furthermore, *pro se* pleadings are reviewed less stringently than those drafted by attorneys and entitled to a liberal construction, including all reasonable inferences therefrom. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam). Even a *pro se* complaint, however, may not merely set forth conclusory allegations. It must still set forth facts giving rise to a claim on which relief may be granted. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (per curiam) (citation omitted).

**III. Analysis**

Defendants assert that the Court should dismiss Plaintiff's ADA, FTCA, and Eighth Amendment claims. Specifically, Defendants assert that: (1) the ADA does not apply to the federal government; (2) the independent contractor and discretionary function exceptions bar Plaintiff's FTCA claims; (3) Plaintiff fails to state an Eighth Amendment claim; and (4) qualified immunity protects Defendant Willis.[4] (ECF. Nos. 19, p. 2-3; 60, p 11-12, 18-22, 23-26).

**a. ADA Claims**

The ADA "forbids discrimination against persons with disabilities in three major areas of public life:" (1) employment (Title I); (2) public services, programs, and activities (Title II); and (3) public accommodations (Title III). *Tennessee v. Lane*, 541 U.S. 509, 516-17 (2004). Although Plaintiff does not specify which section, Title 1 only applies to employers and the United States does not constitute an employer. 42 U.S.C. § 12111(5)(B)(i) ("The term 'employer' does not include the United States . . . ."). Likewise, Title II only applies to state and local governments, not the federal government. 42 U.S.C.S. § 12131 (defining public entity as only a state or local government); *Cellular Phone Taskforce v. FCC*, 217 F.3d 72, 73 (2d Cir. 2000) ("Title II of the ADA is not applicable to the federal government."); *United States v. Wishart*, 146 Fed. App'x. 171, 173 (9th Cir. 2005) ("By definition, the ADA does not apply to the federal government."); *Phillips v. Tiona*, 508 F. App'x 737, 752 (10th Cir. 2013) ("Title II of the ADA does not apply to federal prisoners in federal prisons . . . ."). Finally, Title III only applies to private entities, not the federal government. *See* 42 U.S.C. §§ 12181(6); *McCarthy v.*

---

[4] Defendants also raise other arguments regarding the dismissal of Plaintiff's Complaint, including seeking summary judgment. Because, however, the above arguments dispose of Plaintiff's claims entirely, the Court need not address the remaining arguments. Similarly, because the Court finds that Plaintiff fails to state any claims, the Court need not address the second prong of qualified immunity. *Trent v. Wade*, 776 F.3d 368, 377 (5th Cir. 2015) (noting that Courts have discretion regarding which prong of qualified immunity to address first).

*Hawkins*, 381 F.3d 407, 431 (5th Cir. 2004). In sum, "the entire federal government is excluded from the coverage of the ADA." *Henrickson v. Potter*, 327 F.3d 444, 447 (5th Cir. 2003). Therefore, as an arm of the federal government, La Tuna cannot be held liable for an ADA violation.

Furthermore, the plain language of the ADA does not permit public employees to be sued in their individual capacities. *Cole v. Velasquez*, 2003 U.S. App. LEXIS 28466, at *8 n.11 (5th Cir. 2003); *Williams v. McLemore*, 247 F. App'x 1, 8 (6th Cir. 2007) ("We have held repeatedly that the ADA does not permit public employees or supervisors to be sued in their individual capacities."); *see also Fernandez v. San Antonio Hous. Auth.*, 2005 U.S. Dist. LEXIS 32043, at *16 (W.D. Tex. 2005) (collecting cases for the proposition that "individual defendants cannot be held liable for damages under the ADA."). Therefore, Plaintiff cannot maintain a suit against any La Tuna employee or contractor in their individual capacity.

As such, Plaintiff cannot maintain an ADA lawsuit against La Tuna or its employees and contractors. As no defendant is amenable to suit under the ADA, Plaintiff's ADA claims must be dismissed.

### b. FTCA Claims[5]

Although unclear, Plaintiff could logically base his FTCA claims on the conduct of two groups of individuals – Dr. Ribault or the BOP officials who did not transfer Plaintiff to a handicap accessible wing of the prison. Looking to the conduct of either group, however, Plaintiff's FTCA claim fails.

---

[5] The independent contractor and discretionary function exceptions go to the Court's subject-matter jurisdiction. *Hix v. U.S. Army Corps. Eng'rs*, 155 F. App'x 121, 128 (5th Cir. 2005) (discretionary function exception); *Jasper v. FEMA*, 414 F. App'x 649, 651 (5th Cir. 2011) (independent-contractor exception). Accordingly, the Court analyzes these under the 12(b)(1) standard.

"As the sovereign, the United States is immune from suit unless, and only to the extent that, it has consented to be sued." The FTCA waives this sovereign immunity under limited circumstances, allowing an action for damages against the government. *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994). Relevant here, the FTCA allows the government to be held liable in tort for any:

> negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b). This waiver, however, is subject to various exceptions.

### 1. *Proper Defendant*

As an initial matter, it is unclear which Defendant(s) Plaintiff is suing under the FTCA. The United States, however, is the only proper Defendant for an FTCA claim. *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 185 (5th Cir. 1988) (noting that the "United States, [is] the only proper defendant under the Federal Tort Claims Act."); *see also Jochum v. Randazzo*, 1994 U.S. Dist. LEXIS 13845, at *1 n.1 (E.D. La. 1994) ("Under the FTCA, if a federal employee is acting within the course and scope of his office or employment, the proper defendant in an FTCA suit is the United States and not the individual defendant."). Accordingly, to the extent that Plaintiff brings an FTCA claim against any other Defendant, these claims should be dismissed.

### 2. *The Independent Contractor Exception*

While the FTCA waived sovereign immunity for the negligent acts of federal employees, no such waiver exists for the actions of independent contractors. *Broussard v. United States*, 989 F.2d 171, 174 (5th Cir. 1993); *Jasper v. FEMA*, 414 F. App'x 649, 651 (5th Cir. 2011).

6

Consequently, the Court lacks jurisdiction under the FTCA to adjudicate the alleged negligence of independent contractors. *Id*.

While courts utilize numerous factors when determining independent contractor status, "[t]he critical factor in determining whether an individual is an employee of the government or an independent contractor is the power of the federal government to control the detailed physical performance of the individual." *Linkous v. United States*, 142 F.3d 271, 275 (5th Cir. 1998) (citations omitted); *see also Creel v. United States*, 598 F.3d 210, 214 (5th Cir. 2010) (enumerating the independent contractor factors).

Due to the autonomy exercised by physicians and the contract nature of their work, the Fifth Circuit has consistently held that doctors contracted to work in federal medical facilities are independent contractors. *Peacock v. United States*, 597 F.3d 654, 659-60 (5th Cir. 2010) (VA contract cardiologist); *Linkous*, 142 F.3d at 276-77 (obstetrician contracted by an Army hospital); *Broussard*, 989 F.2d at 175-76 (emergency room doctor employed by a third party and contracted to work at an Army hospital). Sister Circuits have likewise held that, "[t]he circuit courts are unanimous in holding that a contract physician is not an employee of the government under the FTCA." *Carrillo v. United States*, 5 F.3d 1302, 1304 (9th Cir. 1993); *Robb v. United States*, 80 F.3d 884, 890 (4th Cir. 1996).

Here, Dr. Ribault contracted with Ranstad Healthcare to provide medical services at the BOP. (ECF. No. 19-1). His agreement with Ranstad consistently identifies him as an independent contractor. (*Id*.). Ranstad provided his pay and insurance, and he reported solely to Ranstad, rather than the BOP. (ECF. No. 19-1, p. 10). Moreover, the BOP did not control the "method, manner, or outcome" of his medical judgment. (*Id*.). Dr. Ribault is therefore an

independent contractor. As such, the Court lacks subject-matter jurisdiction to adjudicate the FTCA claims based on his alleged actions.

### 3. *The Discretionary Function Exception*

Another jurisdictional limit to the FTCA is the discretionary function exception. The exception precludes liability for claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). The exception "covers only acts that are discretionary in nature, acts that 'involv[e] an element of judgment or choice.'" *United States v. Gaubert*, 499 U.S. 315, 322 (1991).

The Court utilizes a two-step analysis when determining whether to apply the discretionary exception. "First, . . . the challenged act must involve an element of judgment. In other words, the Government needs to establish there was 'room for choice' in making the allegedly negligent decision," as opposed to a decision compelled by a mandatory policy or directive. *Ashford v. United States*, 511 F.3d 501, 505 (5th Cir. 2007) (footnotes omitted). The second step requires that "the judgment [be] of the kind that the exception was designed to shield." *Id*.

"The purpose of the exception is to prevent judicial second-guessing of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." *Gaubert*, 499 U.S. at 323 (citation and internal quotation marks omitted). "Thus, if a federal employee violates a mandatory regulation, the Government may be held liable." *Morales v. United States*, 371 F. App'x 528, 532 (5th Cir. 2010) (citations omitted). "But if a regulation "allows the employee discretion, the very existence of the regulation creates

a strong presumption that a discretionary act authorized by the regulation involves consideration of the same policies which led to the promulgation of the regulations." *Id*.

The Circuits unanimously hold that the designation and transfer of prisoners is a discretionary act because the acts inherently involve numerous policy considerations. *Ashford*, 463 F. App'x at 395; *see also Calderon v. United States*, 123 F.3d 947, 951 (7th Cir. 1997); *Dykstra v. U.S. Bureau of Prisons*, 140 F.3d 791, 796 (8th Cir. 1998); *Cohen v. United States*, 151 F.3d 1338, 1344 (11th Cir. 1998). Applying the same logic, the Fifth Circuit has also held that the medical transfer of a prisoner is governed by the discretionary function exception. *Patel v. United States*, 398 F. App'x 22, 28-29 (5th Cir. 2010); *see also Blank v. United States*, 713 F. App'x 400, 401 (5th Cir. 2018) ("The medical classification and designation of a prisoner to a particular prison facility involves elements of judgment or choice so as to bring it within the purview of the discretionary function exception to the FTCA.").

In line with this case law, the Court concludes that the decision not to transfer Plaintiff within the prison is an inherently discretionary one. Therefore, the discretionary function exception bars this claim.

    c.    **Eighth Amendment Claims**

At the outset, the Court notes that Plaintiff is unclear regarding whether he asserts conditions-of-confinement or episodic act or omission claims. Applying either standard, however, Plaintiff's claims fail.

As Plaintiff is a convicted prisoner, the Eighth Amendment governs his claims. *Grabowski v. Jackson Cty. Pub. Defs. Office*, 47 F.3d 1386, 1395 (5th Cir. 1995). An Eighth Amendment conditions-of-confinement claim requires a showing of an objective "extreme deprivation" and subjective deliberate indifference by defendants. *See Davis v. Scott*, 157 F.3d

1003, 1006 (5th Cir. 1998) (citing *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)). For the objective component, "extreme deprivations are required to make out a conditions-of-confinement claim." *Hudson*, 503 U.S. at 9. "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (citation omitted).

Relatedly, to prove medical deliberate indifference under the episodic act or omission standard, a plaintiff must establish two elements: (1) that he or she was deprived of a medical need that is "objectively, 'sufficiently serious,'" and (2) that the defendant had a "sufficiently culpable state of mind" (i.e. deliberate indifference to inmate health or safety). *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citations omitted); *Ball v. LeBlanc*, 792 F.3d 584, 594 (5th Cir. 2015) (citations omitted).

The deliberate indifference standard is the same between an episodic act or omission and a conditions-of-confinement claim. *Greer v. Works*, 2003 U.S. Dist. LEXIS 4987, at *23 (N.D. Tex. 2003). To establish deliberate indifference, a plaintiff must show that: "(1) the official was aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the official actually drew that inference; and (3) the official's response indicates that the official subjectively intended that harm to occur." *Thompson v. Upshur Cty.*, 245 F.3d 447, 458-59 (5th Cir. 2001) (citation omitted).

Here, Plaintiff's Complaint is devoid of any facts showing Defendants acted with deliberate indifference. Although Plaintiff once informed Defendants regarding his "situation," Plaintiff never alleges he informed Defendants, or even knew himself, that he was a significant fall risk. (ECF. No. 3, p. 3). Similarly, there are no facts suggesting Defendants actually drew an inference that Plaintiff was a fall risk. Lastly, there are no facts suggesting that Defendants

intended the fall to occur. Indeed, Defendants placed Plaintiff on work restrictions, presumably to *prevent* back injuries, and the officer who found Plaintiff immediately secured medical assistance. (*Id.*).

Without more, Plaintiff's allegations amount to a slip-and-fall accident, which is not an Eighth Amendment violation. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976) (holding that accidents are not deliberate indifference). Indeed, Courts routinely hold that "'[a] 'slip and fall,' without more, does not amount to cruel and unusual punishment." *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004); *see Pyles v. Fahim*, 771 F.3d 403, 410 & n.25 (7th Cir. 2014) (collecting cases) ("Federal courts consistently have adopted the view that slippery surfaces and shower floors in prisons, without more, cannot constitute a hazardous condition of confinement."); *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) (noting that "slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment") (quotation omitted). Accordingly, Plaintiff's Eighth Amendment claims must be dismissed.

## IV. Conclusion

In sum, none of the Defendants are amenable to suit under Plaintiff's ADA claims, the independent contractor and discretionary function exceptions bar Plaintiff's FTCA claims, and Plaintiff fails to state an Eighth Amendment claim. Plaintiff's Complaint should therefore be dismissed.

Accordingly, the Court **RECOMMENDS** that:

- "Defendant Ribault's Rule 12(b)(1) Motion to Dismiss" (ECF. Nos. 19, 42) be **GRANTED**.

- Federal Defendants' Motion to Dismiss, or in the Alternative, Motion For Summary Judgment" (ECF. No. 60) be **GRANTED** insofar as it seeks dismissal of Plaintiff's Complaint, and therefore, **DENIED AS MOOT** to the extent that it seeks summary judgment.

- Plaintiff's Complaint be **DISMISSED**.

**SIGNED** and **ENTERED** this 9th day of August, 2018.

_____
**ANNE T. BERTON**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**